IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES ALFRED SMITH, JR.,

                Petitioner,                ORDER

v.

                                            22-cv-431-wmc

SUE DEHAAN,

                Respondent.

James Alfred Smith, Jr., an inmate at the Wisconsin Resource Center, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and three supplements. (Dkt. ##1, 4, 10, 11.) Under Rule 4 of the Rules Governing Section 2254 Cases, the next step is for the court to examine the petition and dismiss it if it plainly appears that Smith is not entitled to relief. Rather than order the state to respond, the court will order Smith to file an amended petition clarifying his claims.

The court understands from Smith's submissions that he has a traumatic brain injury that affects his memory. In 2014, Smith plead guilty to one felony count of conspiracy to intimidate a victim in Milwaukee County Case No. 2013CF4501. Part of his conditions of supervised release included anger management treatment. Smith was released on extended supervision in March 2020. The Wisconsin Department of Corrections ("DOC") began revocation proceedings a few months later. After Smith was found competent to proceed, his supervision was revoked in May 2021.

There are two problems with Smith's dense submissions. First, it is not clear what claims Smith means to pursue. Smith appears to be challenging the revocation of his extended supervision. Smith alleges that his supervision agent did not adequately monitor

or manage him, that the Wisconsin Department of Corrections lacked jurisdiction over his revocation proceeding, that his request to waive his final revocation hearing was erroneously denied, that revocation counsel was ineffective, that the Administrative Law Judge ("ALJ") who adjudicated his revocation improperly applied required sentencing factors, and that neither his agent nor the ALJ reasonably considered his disabling brain injury in violation of the Americans with Disabilities Act ("ADA").[1]  But across his submissions, Smith also discusses various legal standards and caselaw, and makes references and arguments that appear unrelated to his revocation.  For example, Smith references chain gangs, discusses the procedural history of a different criminal conviction, and argues that he should be given a parole hearing and that Wisconsin's Truth in Sentencing laws violate the Ex Post Facto Clause, complicating the court's ability to discern Smith's claims.

In addition, Smith asserts claims that would not appear to provide a basis for federal habeas relief.  He alleges that he has been denied programming necessary for his rehabilitative needs in violation of the ADA and Wisconsin's Truth in Sentencing laws, and based on his race in violation of Title VII of the Civil Rights Act.  He also argues that African American state prisoners with mental health conditions are disproportionately placed in restrictive housing where the conditions of confinement exacerbate their mental health issues and denied access to treatment.  Such claims challenging the conditions rather

---

[1] Smith has previously raised the argument that state criminal proceedings violated his rights under the ADA, but the court reminds him that it is "not aware of any provision in the ADA that would allow a petitioner to challenge his conviction or sentence." *Smith v. Pollard*, No. 16-cv-009-slc, 2016 WL 3982614, at *1 (W.D. Wis. July 22, 2016).

than the fact of confinement are properly brought in a civil action under § 1983. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (if a prisoner "is challenging merely the conditions of his confinement his proper remedy is under civil rights law"). The court has previously explained the distinction to Smith. *See Smith v. Thurmer*, No. 08-cv-641-slc, 2009 WL 1687563, at *2 (W.D. Wis. June 15, 2009) (explaining that damages, not release, would be the proper remedy for Smith's ADA and First Amendment claims), *vacated in part on other grounds*, 2009 WL 2136881 (W.D. Wis. July 14, 2009).

Second, Smith alleges that he has exhausted his state court remedies by pursuing administrative review and then filing a petition in the Wisconsin Supreme Court for leave to commence an original action under Wis. Stat. § (Rule) 809.70. *See Smith v. Hayes*, Appeal No. 2022AP147-OA. Smith does not explain what claims he asserted in that petition. Regardless, Wisconsin law provides for review of revocation decisions "by certiorari directed to the court of conviction," and the review proceeds on an "arbitrary and capricious" standard. *Kovacic v. Eplett*, No. 22-C-454, 2022 WL 1510278, at *1 (E.D. Wis. Apr. 29, 2022) (citation omitted). A claim of ineffective assistance of revocation counsel, which Smith also appears to be raising here, is reviewable by habeas corpus in the state circuit court. *See State v. Ramey*, 121 Wis. 2d 177, 182, 359 N.W.2d 402 (Ct. App. 1984) (an ineffective assistance of revocation counsel claim falls outside the scope of review on certiorari). Smith does not allege, nor can the court discern from publicly available state court records, that he has pursued either of these avenues for relief.

In sum, Smith must clarify his claims to proceed. The court will order Smith to file an amended petition on the court's standardized form that will replace his original petition

and supplements. In completing the form, Smith must clearly identify the conviction or sentence he is challenging, the legal grounds for his challenges, and provide a *brief* explanation of the facts supporting his legal challenges, as well as indicate the steps he has taken to exhaust his claims. Smith's petition must not include any arguments regarding case law, any allegations challenging his conditions of confinement, or any information that is not directly relevant to the specific conviction or sentence he seeks to challenge. In drafting his amended petition, Smith should be aware that the court cannot grant any habeas relief on a state court judgment for which Smith's sentence has been completely discharged, unless Smith can show that he still suffers "collateral consequences" because of the challenged conviction or sentence. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

After the court receives Smith's amended petition, it will promptly review the petition under Rule 4 of the Rules Governing Section 2254 Cases.

ORDER

IT IS ORDERED that petitioner James Alfred Smith, Jr. may have until December 21, 2022, to file an amended petition in accordance with this order. Smith must file the amended petition on this court's form for § 2254 cases, which the clerk of court will send him with this order. Smith must fill out all sections of the form completely. If Smith fails to comply with this order, the court will dismiss this case.

Entered this 30th day of November, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge